The petitioners set forth that in 1806 the defendant obtained a grant for 70 acres of land, which before the War of the Revolution had been granted to their father, who lived and died possessed of the same, and that the title thereto descended to the petitioners, who were his heirs at law; that these facts were well known to the defendant when he obtained his grant, and, therefore, the petitioners charged that the defendant's grant was obtained by fraud, false suggestions, and contrary to law; and concluded with praying that a scire facias might issue to the defendant to show cause why his grant should not be vacated.
The defendant answered that at the time of obtaining his grant he did not know that it had been granted to the father of the petitioners; that he caused the register's office of the county to be searched, and no evidence there appeared to show that the land had been previously patented; that he believed it to be vacant and unappropriated land when he obtained his patent; and, further, that he had now been in actual possession thereof thirteen years, and was advised that he thereby had acquired good title, although it should now appear to have been previously granted. *Page 178 
To so much of the answer as relied on the possession of defendant there was a replication that two of the petitioners were infants and the other a feme covert.
(323) A jury found before Badger, J., below that the defendant at the time of making his entry and obtaining his grant had full knowledge of the prior grant to the father of the petitioners; that defendant in the spring of 1808 took actual possession of the land and has continued it ever since; that one of the petitioners in September, 1806. married and hath ever since been a feme covert; and that the other petitioners were not infants when defendant obtained his grant.
Judgment of the court that the grant of defendant be vacated, whereupon defendant appealed.
(326) The act which gives jurisdiction to the court declares that when it shall appear to the court that a grant had issued against law, or obtained by false suggestions, surprise, or fraud, it shall be lawful for said court to give judgment that such grant be repealed, vacated, and made void.
In this case the jury have expressly found against the answer of the defendant, "that at the time of the defendant making his entry and obtaining his grant he had full knowledge of the prior grant to the father of the petitioners." It follows, of course, that the grant to the defendant was fraudulently obtained, and that it was obtained against law, because it covered land which had been previously appropriated by McRee's grant. It is unnecessary to say anything about a case where the defendant had not notice. But it is objected that the statute of limitations is a bar to his petition. My answer is that the act of 1798 recognizes no time as a bar, nor do I think that the act of 1715 can be used for that purpose. This is not an action to recover the land, nor does the title to it come in issue, though incidentally it may be affected by the judgment given in this case. It is said that if time and possession be not a bar in this case, it cannot be in an ejectment hereafter brought by the petitioners. Whether that will or ought to be the result of the judgment given in this case, I give no opinion.
It is again objected that the act of 1798 was not intended by the Legislature to embrace grants that issued for lands that had been previously granted, but only on grants that irregularly issued for vacant lands. The act in words makes no such distinction, and I think there is no reason why it should, because grants of that description, although invalid at the time of their date, might have the effect to destroy the *Page 179 
titles of the first grantees; and they, having paid for the lands, were as much the object of legislative protection as it was to guard against the issuing of grants for vacant lands when the purchase money had not been paid. I think judgment should be entered for the petitioners.